ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| GLADIMAR ORTIZ APONTE<br><br>Peticionaria<br><br>v.<br><br>JOSUÉ RODRÍGUEZ ORTIZ<br><br>Recurrido | KLCE202500439 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Comerío<br><br>Caso Núm. CR2022CV00137<br><br>Sobre: División de Bienes |
|---|---|---|

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro

**Ronda Del Toro, Juez Ponente**

## SENTENCIA

En San Juan, Puerto Rico, a 30 mayo de 2025.

Comparece la señora Gladimar Ortiz Aponte, en adelante, peticionaria y nos solicita que revoquemos la *Resolución* emitida el 23 de marzo de 2025 y notificada el 24 de marzo de 2025 por el Tribunal de Primera Instancia, Sala de Comerío (TPI). En esta, el TPI indicó que la cuantía otorgada en honorarios de abogados representa el 15% sólo de los bienes adjudicados a la Demandada. En consecuencia, decretó *No Ha Lugar* la moción de reconsideración.

Por los fundamentos expuestos, determinamos expedir el recurso y *Revocar* el dictamen emitido. Exponemos.

## I.

El 2 de junio de 2022 la parte recurrida, el señor Josué Rodríguez Ortiz (Rodríguez Ortiz o recurrido) presentó *Demanda* sobre división de bienes contra la peticionaria Gladimar Ortiz

Número Identificador

SEN2025 _____

Aponte.[1] Luego de varios trámites procesales, el TPI emitió una *Sentencia* sobre la división de bienes de las partes. A la codemandada Ortiz Aponte le adjudicó la suma de $263,152.55 y a su vez, impuso las costas y honorarios de abogado a la parte perdidosa. Asimismo, expuso que el demandante tenía que presentar en el término dispuesto por ley, el correspondiente Memorando de Costas y Honorarios.[2]

En cumplimiento de orden, el 8 de enero de 2025, la parte recurrida presentó *Moción Para Que Se Cuantifiquen Los Honorarios Por Temeridad; y Para Que Se Imponga El Pago De Costas Memorando De Costas*.[3] En la referida Moción, la parte recurrida estableció las siguientes cantidades para que fueran pagadas por la peticionaria:

> Las costas para que sean pagadas por Gladimar Ortiz ascienden a $19,050.14 las cuales detallamos a continuación.

| | |
|---|---|
| Gastos deposición a Gladimar Ortiz y a Eliezer Hernández | $1,401.14 |
| Costos por producción de documentos | $390.25 |
| Costos declaración jurada para demanda | $605.00 |
| Sellos | $180.00 |
| Mensajería | $200.00 |
| Costos descubrimiento Credi Centro | $25.00 |
| Producción de BPPR | $1,248.75 |
| Honorarios Lic. Teresa Lube quiebra | $15,000 |
| **TOTAL** | **$19,050.14** |

Adicional la parte recurrida solicitó que se le impusiera a Ortiz Aponte un mínimo de **$20,000.00** en concepto de honorarios por temeridad.

Así las cosas, el TPI notificó una *Resolución* el 25 de febrero de 2025 en la cual indicó:

> En consideración de lo antes expuesto, el tribunal aprueba el memorando de costas. **Esto con**

---

[1] Revisado del Sistema Unificado de Manejo y Administración de Casos (SUMAC) de conformidad con la facultad que nos concede la Regla 77(D)(2) de nuestro Reglamento, 4 LPRA Ap. XXII-B, entrada 1.
[2] Apéndice págs. 1-19.
[3] Apéndice pág. 20.

> **excepción de los honorarios de abogado de la Lcda. Teresa Lube por el caso llevado en el tribunal de quiebras.** Los gastos por considerarse son los necesarios y razonables para la tramitación de este pleito, para que la teoría de este caso prevaleciera. El radicar un proceso de quiebra es un derecho que tenía la parte Demandada. Las alegaciones con respecto a la desestimación de este caso de quiebra fueron ponderadas en ese tribunal. Si la parte Demandada fue temeraria, si fue un proceso frívolo con la intención de evadir este que nos ocupa, debió haber sido considerado y adjudicada la imposición al respecto conforme el derecho aplicable en aquel tribunal. Pero como expuesto, se trata de los gastos necesarios y razonables incurridos con relación al caso que nos ocupa.[4] (Énfasis nuestro).

El 6 de febrero de 2025, la peticionaria presentó una *Moción en Cumplimiento de Orden*. En esta, indicó que se declarara *No Ha Lugar* la moción de la parte recurrida para que se cuantificaran los honorarios por temeridad y costas. Por lo cual, le solicitó al TPI que no se consideraran las costas de $19,050.14 y honorarios de $20,000.00.[5]

Tras varios incidentes procesales, el 7 de marzo de 2025, el TPI emitió una *Sentencia Enmendada Nunc Pro Tunc*[6] para incluir la cantidad adjudicada por concepto de honorarios de abogado para la codemandada Ortiz Aponte. En lo pertinente indicó lo siguiente:

> De un análisis del grado de temeridad, el trabajo realizado, la duración y naturaleza del litigio, la cuantía involucrada y el nivel profesional de los abogados, el tribunal estima como razonables a imponer en concepto de honorarios de abogados las siguientes cantidades. A la codemandada GLADIMAR ORTIZ APONTE, la cantidad de $39,500.00.

Inconforme con el referido dictamen, el 21 de marzo de 2025, la peticionaria presentó una *Moción de Reconsideración*.[7] En la mencionada moción, Ortiz Aponte solicitó que se reconsiderara

---

[4] Apéndice pág. 24.
[5] Apéndice pág. 30.
[6] Apéndice pág. 36.
[7] Apéndice pág. 56.

la cantidad de $39,500.00 y que se eliminara la cantidad de $15,000.00 correspondientes a los honorarios de la Lcda. Teresa Lube ante el caso ventilado en la Corte de Quiebras Federal, por no estar debidamente justificada.   Señaló que la cantidad que solicitó el demandante en el memorando de costas y honorarios fue de $39,050.00, la cual contemplaba los $15,000.00 de los honorarios de la Lcda. Teresa Lube.  A esos efectos, solicitó que se reconsidere la cantidad impuesta por honorarios de abogado por temeridad ascendiente a $39,500.00.[8]

Posteriormente, el TPI emitió Resolución Interlocutoria el 23 de marzo de 2025 en la que indicó lo siguiente:

> Los honorarios que se estaban reclamado por las gestiones en el tribunal de quiebra fueron excluidos por resolución, no están incluidos en esta determinación. En el presente caso los bienes de la comunidad rondaban alrededor de $485,000.00. Los adjudicados a la parte Demandada en exceso de $263,152.00. Esta cuantía representa el 15% sólo de los bienes adjudicados a la Demandada. No ha lugar a reconsideración.[9]

Insatisfecha con el dictamen emitido, la peticionaria acudió ante este foro y estableció el siguiente señalamiento de error:

> Erró el TPI al fijar la cuantía de los honorarios por temeridad impuesta del quince por ciento (15%) del valor adjudicado a la demandada sin haber estado debidamente fundamentada en pruebas y un análisis equilibrado de los factores considerados al no articular claramente las consideraciones específicas que respalden la proporción de la cuantía asignada.

Examinado el recurso y con el beneficio de ambos escritos, disponemos.

## II.

### A.

Sabido es que el recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar

---

[8] Apéndice pág.60.
[9] Apéndice pág. 63.

las determinaciones de un foro inferior. BPPR v. SLG Gómez-López, 213 DPR 314, 336 (2023); Rivera, et al. v. Arcos Dorados, et al., 212 DPR 194, 207-208 (2023); 800 Ponce de León v. AIG, 205 DPR 163, 174 (2020); Medina Nazario v. McNeil Healthcare LLC, 194 DPR 723, 728 (2016); IG Builders et al. v. BBVAPR, 185 DPR 307, 337-338 (2012). Mediante la presentación de un recurso de *certiorari* se pretende la revisión de asuntos interlocutorios que han sido dispuestos por el foro de instancia en el transcurso y manejo del caso que atienden. Distinto al ejercicio de sus funciones respecto a un recurso de apelación, el tribunal al que se recurre mediante el vehículo procesal del recurso de *certiorari* tiene discreción para atender el asunto planteado, ya sea expedir el auto solicitado o denegarlo. 800 Ponce de León v. AIG, *supra,* pág. 174; Rivera Figueroa v. Joe's European Shop, 183 DPR 580, 593 (2011); Pueblo v. Díaz de León, 176 DPR 913, 917 (2009); García v. Padró, 165 DPR 324, 334 (2005).

La Regla 40 del Reglamento de este Tribunal, 4 LPRA Ap. XXII-B, R. 40, establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional. Estos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del

pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

BPPR v. SLG Gómez-López, 213 DPR 314, 337 (2023)

Ahora bien, la correcta consecución de la justicia necesariamente conlleva reconocer a los juzgadores de los foros primarios un amplio margen de deferencia respecto al ejercicio de sus facultades adjudicativas dentro del proceso que dirigen. De ordinario, el criterio judicial empleado en el manejo de un caso al emitir pronunciamientos de carácter interlocutorio está revestido de gran autoridad. De ahí la premisa normativa que califica la tramitación de los asuntos en el tribunal primario como una inherentemente discrecional del juez. Siendo así, y sin apartarse de los preceptos pertinentes al funcionamiento del sistema judicial, el adjudicador concernido está plenamente facultado para conducir el proceso que atiende conforme le dicte su buen juicio y discernimiento, siempre al amparo del derecho aplicable. In re Collazo I, 159 DPR 141, 150 (2003). Cónsono con ello, sabido es que los tribunales apelativos no "deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción o en error manifiesto". Citibank *et al* v. ACBI *et al.*, 200 DPR 724, 736 (2018).

A su vez, la denegatoria a expedir el auto de certiorari, no implica la ausencia de error en el dictamen cuya revisión se solicitó, ni constituye una adjudicación en sus méritos. Por el contrario, es corolario del ejercicio de la facultad discrecional del foro apelativo intermedio para no intervenir a destiempo con el

trámite pautado por el foro de instancia. <u>Torres Martínez v. Torres Ghigliotty</u>, 175 DPR 83, 98 (2008).

**B.**

Respecto a los honorarios de abogado, la Regla 44.1 (d) de Procedimiento Civil, 32 LPRA Ap. V, dispone en lo aquí pertinente, como sigue:

> En caso de que cualquier parte o su abogado o abogada haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al o a la responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entienda correspondan a tal conducta.

El Tribunal Supremo ha delineado en términos generales que, "el amplio concepto de temeridad conlleva aquellas actuaciones de un litigante que lleven a un pleito que pudo evitarse, que provoquen la prolongación indebida del trámite judicial o que obliguen a la otra parte a incurrir en gastos innecesarios para hacer valer sus derechos." <u>SLG González-Figueroa v. SLG</u> *et al.*, 209 DPR 138, 148 (2022).

Una vez determinada la existencia de temeridad, la imposición del pago de honorarios de abogado es mandatoria. <u>Colón Santos v. Coop. Seg. Múlt. P.R.</u>, 173 DPR 170, 188 (2008); <u>Blás Toledo v. Hosp. La Guadalupe</u>, 146 DPR 267, 334 (1998). En consecuencia, la determinación de temeridad conlleva posteriormente la fijación de una suma **razonable** de honorarios. <u>Vega v. Luna Torres</u>, 126 DPR 370 374 (1990). (Énfasis nuestro). De manera que, la imposición de honorarios de abogado y **su cuantía** es una determinación **discrecional** del tribunal sentenciador, sólo revisable ante indicios **de abuso de discreción por parte del juzgador**. <u>Colón Santos v. Coop. Seg. Múlt. P.R.</u>, *supra*, pág. 188. Como la imposición de honorarios de abogado descansa en la sana discreción judicial, puede ser

variada en apelación si se demuestra abuso de esta. <u>SLG González-Figueroa v. SLG et al.,</u> *supra*, pág. 150.

El Tribunal Supremo ha reiterado que el sano ejercicio de la discreción judicial viene atado inexorablemente al concepto de la razonabilidad. <u>Citibank *et al*. v. ACBI et al.</u>, 200 DPR 724, 735 (2018); <u>García v. Asociación</u>, 165 DPR 311, 321 (2005). En ese sentido, la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". <u>Citibank *et al*. v. ACBI et al.</u>, *supra*, pág. 735; <u>Medina Nazario v. McNeil Healthcare LLC,</u> 194 DPR 723, 729 (2016). Véanse, también, <u>SLG Zapata-Rivera v. J.F. Montalvo</u>, 189 DPR 414, 435 (2013); <u>IG Builders et al, v. BBVAPR</u>, 185 DPR 307, 338 (2012). Esta se "nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia; no es función al antojo o voluntad de uno, **sin tasa ni limitación alguna**. <u>Citibank *et al*. v. ACBI *et al.,*</u> *supra*, citando a <u>SLG Zapata-Rivera v. J.F. Montalvo</u>, *supra*, pág. 435. (Énfasis suplido).

El Tribunal Supremo, ha identificado el abuso de discreción cuando el juzgador (1) ignora sin fundamento algún hecho material importante que no podía pasar por alto; (2) le concede demasiado peso a un hecho inmaterial y funda sus determinaciones principalmente en ese hecho o (3) cuando al examinar todos los hechos de un caso hace un análisis liviano y la determinación resulta irrazonable. <u>Pueblo v. Negrón Ramírez</u>, 213 DPR 895, 913 (2024); <u>Pueblo v. Rivera Montalvo</u>, 205 DPR 352, 374 (2020); <u>Citibank *et al*. v. ACBI et al.</u>, *supra*, pág. 736.

### III.

La peticionaria, arguye que el foro primario incidió al imponerle la cuantía de honorarios por temeridad del quince por ciento (15%) sin haber una base fundamentada de los factores considerados que respalden dicha cuantía.

El recurrido, por su parte, alegó que es incorrecta la apreciación de la peticionaria, en el recurso de *certiorari,* de que el TPI le impuso el 15% de su participación como honorarios. Agregó que la cuantía de honorarios que le impuso el TPI es razonable, ante la magnitud de la temeridad que exhibió la peticionaria. Revisamos.

En el presente caso, el foro primario dictó una Sentencia en la cual le impuso temeridad a la parte peticionaria. El recurrido presentó un memorando de costas y honorarios. Reclamó varios gastos como costas, entre ellos, solicitó $15,000 por honorarios a la Lcda. Teresa Lube en un caso de quiebras, para un total de $19,050.14 como costas. Solicitó, a su vez, un mínimo de $20,000 por honorarios de abogado por temeridad contra Ortiz Aponte.

Con ello, el foro primario dictó una Resolución, en la cual aprobó el memorando de costas. Esto, con excepción de los honorarios de abogado de la Lcda. Teresa Lube por el caso llevado en el tribunal de quiebras. Tras ello, emitió una *Sentencia enmendada nunc pro tunc*, en la cual le impuso a la peticionaria a pagar la suma de $39,500.00 dólares en concepto de honorarios de abogado y temeridad. Según el TPI, su análisis para imponer esta cuantía se basaba en el trabajo realizado, la duración y naturaleza del litigio, la cuantía involucrada y el nivel profesional de los abogados.

En desacuerdo, con los honorarios de abogado, la recurrida solicitó Reconsideración. Allí cuestionó la suma de $15,000

reclamada como honorarios en el caso de quiebra.   En respuesta, el 23 de marzo de 2025 el TPI dictó la Resolución Interlocutoria que revisamos en donde el foro primario indicó que esta cuantía no incluía los honorarios incurridos en el tribunal de quiebras. No obstante, el foro primario expresó que los factores que tomó en cuanta para fijar la cuantía de honorarios surgió de la *Sentencia enmendada nunc pro tunc*.   Mencionó que estos incluían: el grado de temeridad, trabajo realizado, la duración y naturaleza del litigio, la cantidad involucrada y el nivel profesional de los honorarios.  Dando final al asunto en controversia, el foro primario expresó que, "los bienes de la comunidad rondaban alrededor de $485,000.00.  Los adjudicados a la parte Demandada en exceso de $263,152.00.  Esta cuantía representa el 15% solo de los bienes adjudicados a la Demandada".[10] Con esta explicación, denegó la solicitud de reconsideración.

Trasciende del recurso que revisamos que no está en controversia que el foro primario le impuso temeridad a la aquí peticionaria.  Esta cuestiona el fundamento de la cuantía otorgada por ese concepto.

Si bien es cierto que un tribunal tiene discreción para otorgar honorarios esto debe estar enmarcado dentro del criterio de razonabilidad.  Sin embargo, en el presente caso no surge claramente cuáles fueron los fundamentos y el análisis que utilizó el foro de origen para establecer la cantidad de $39,500.00 por ese concepto.  Luego, al ser cuestionado sobre este asunto, el TPI indicó que esta cuantía representa el quince (15%) porciento solo de los bienes adjudicados a la peticionaria demandada.

Por lo que, luego de un análisis ponderado de los escritos sometidos al foro primario en relación con los honorarios de abogado y las respuestas que emitió el referido tribunal sobre ese

---

[10] Apéndice pág. 63.

asunto, entendemos que resultan excesivos los honorarios otorgados de $39,500.00. La cuantía que se debe otorgar por ese concepto, aunque es discrecional, debe estar apoyada en la razonabilidad. Más aún, cuando el demandante reclamó en el memorando de costas, una cantidad mínima de $20,000 en honorarios de abogado por temeridad. Así pues, no surge del expediente razón alguna para fijar una cuantía tan excesiva en honorarios por temeridad. Por tanto, concluimos reducir a $15,000 los honorarios de abogado por temeridad, por ser una cantidad justa y razonable.

En cuanto al memorando de costas, recapitulamos que de los $19,050.14, que reclamó el demandante, se le descuentan los $15,000 de honorarios por quiebra, según aprobado por el tribunal de instancia en la *Resolución* que emitió el 25 de febrero de 2025, ello, para un total de $4,050.14 en costas.

Esto es, se conceden $15,000.00 en honorarios de abogado por temeridad y reiteramos $4,050.14 en costas.

## IV.

Por las razones antes expresadas, se expide el recurso y se *Revoca* el dictamen recurrido a los fines de fijar la suma de $15,000 en honorarios de abogado, más las costas otorgadas por $4,050.14.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones